UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAYMOND E. HECK, DOUG            CIVIL ACTION
HAMLEY, CHARLES MOORE,
JOSEPH MCKEARN, and
ALLEN RICHARDSON                  NO. 07-21-BAJ

VERSUS

KENNETH BUHLER and
WAYNE TRICHE

## RULING ON DEFENDANT'S MOTION FOR NEW TRIAL AND/OR TO ALTER OR AMEND THE JUDGMENT, AND MOTION FOR JUDGMENT AS A MATTER OF LAW

Following a trial on the merits and prior to the case's submission to the jury, Defendant Wayne Triche moved for a Judgment as a Matter of Law pursuant to and in accordance with Federal Rule of Civil Procedure 50(a). The Court denied his motion. The jury then rendered a verdict against Defendants Triche ("Defendant") and Kenneth Buhler on June 22, 2011. (doc. 170) Defendant then moved for Judgment as a Matter of Law pursuant to Rule 50(b), and later filed a Motion for New Trial and/or to Alter or Amend the Judgment pursuant to Rule 59. These motions will both be decided in the Court's Ruling.

## MOTION FOR JUDGMENT AS A MATTER OF LAW

1

When analyzing a motion for judgment as a matter of law, the court must view the evidence in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party. *See Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 149–50 (2000). "Judgment as a matter of law is proper when the evidence permits only one reasonable conclusion and the conclusion is contrary to that reached by the jury." *Olstad v. Oregon Health Sciences Univ.*, 327 F.3d 876, 881 (9th Cir. 2003).

The Court finds that the jury's verdict in this case is reasonable based upon the evidence, and that the verdict form sets forth all necessary elements for a finding of liability against Defendant. Therefore, the Court denies Defendant's motion.

**MOTION FOR NEW TRIAL AND/OR TO ALTER OR AMEND THE JUDGMENT**

Trial Courts have the power to grant a new trial when the verdict is "against the weight of the evidence," *Gasperini v. Ctr.for Humanities, Inc.* 518 U.S. 415, 433 (1996), or when the trial was unfair. *Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir. 1989). Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests with the party seeking new trial. *National Union Fire Ins. of Pittsburgh, Pa. v. Puget Plastics Corp.*, 735 F. Supp. 2d 650 (S.D. Tex 2010).

2

Defendant moves for a new trial based on the Court's oral statement upon reading the verdict form that the jury did not find enough elements to hold him liable. Trial Transcript, Vol. IV, pp. 348–49. However, the Court's statement was in error as there were sufficient elements to hold Defendant liable under *state* law, not federal law. This is because the missing element concerned activity in interstate commerce, which is not required for a finding of liability under state law. Therefore, the Court finds that no sufficient grounds exist to grant Defendant's motion for a new trial, and the motion is denied.

Unlike the broad discretion Congress has given to district courts when considering a motion for new trial, a motion to alter or amend serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence and is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of the judgment." *Knight v. Kellogg Brown & Root Inc.*, 333 Fed. Appx. 1, 8 (5th Cir. 2009). There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C.*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008).

Defendant's motion fails to allege any of the above mentioned grounds. The Court therefore denies Defendant's motion to alter or amend the judgment.[1]

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Judgment as a Matter of Law. The Court further DENIES Defendant's Motion for New Trial And/Or to Alter or Amend the Judgment.

Baton Rouge, Louisiana, September 27, 2011.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[1] It is important to note that Defendant's Motion for New Trial And/Or to Alter or Amend the Judgment is likely not timely filed under a straightforward application of Federal Rules of Civil Procedure 59 and 6(b)(2). Under Rule 59, a party has 28 days from the entry of the judgment to file a motion for new trial or to alter or amend the judgment. Rule 6(b)(2) proscribes any extensions of this time for any reason whatsoever. Defendant's motion was filed 58 days after the entry of the judgment in this case.