UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAYMOND E. HECK, DOUG
HAMLEY, CHARLES MOORE,
JOSEPH MCKEARN, and
ALLEN RICHARDSON

CIVIL ACTION

NO. 07-21-BAJ

VERSUS

KENNETH BUHLER and
WAYNE TRICHE

**RULING AND ORDER**

This matter is before the Court pursuant to Plaintiffs' Motion to Alter or Amend Judgment (doc. 173), Plaintiffs' Motion for Attorney Fees (doc. 198), and Defendant Wayne Triche's ("Defendant") Motion for Leave to File Opposition to Plaintiffs' Motion for Attorney's Fees (doc. 199).

**I. Motion to Alter or Amend the Judgment**

In their motion, Plaintiffs ask the Court to a) provide for pre-judgment interest on the amount of the investment contracts purchased by each Plaintiff from the date of purchase until paid, and b) to provide for joint and several liability in accordance with Federal Securities law (doc. 173). Defendant opposes the motion (doc. 179).

1

A. Pre-Judgment Interest

The dispute between the parties over pre-judgment interest hinges upon whether Defendant was found liable by the jury under state law, federal law, or both. In the time between the filing of Plaintiffs' motion and Defendant's opposition, the Court issued a Ruling clarifying the issue finding the jury's verdict contained enough elements to hold Defendant liable under state law, but not federal law (doc. 197, at 3). Consistent with the Court's prior ruling, only provisions of state law applicable to pre-judgment interest will be considered. Defendant is liable under Louisiana state law for violation of Revised Statutes section 51:712(A). Section 51:714(A) governs civil liability for violation of § 712(A), and provides that persons who violate 712(A) "shall be liable to the person buying such security, and such buyer may sue in any court to recover the consideration paid in cash or, if such consideration was not paid in cash, the fair value thereof at the time such consideration was paid for the security *with interest thereon* from the date of payment down to the date of repayment as computed in R.S. 51:714(C)(1), less the amount of any income received thereon . . . ." LA. REV. STAT. ANN. § 51:714(A) (emphasis added). Louisiana law clearly mandates the award of pre-judgment interest in this matter, and, because it involves non-interest-bearing securities, interest is computed "at the applicable rate of legal interest, less, in every case, the amount of any income received on the security . . ." *Id.* § 51:714(C)(1)(a). Because no interest rates were set forth in the Prospectus in this case, judicial interest will

be applied to the amounts owed to Plaintiffs. In addition, no evidence of any income received by Plaintiffs was presented at trial.

To determine the proper dates from which interest will be calculated, the Court must begin with the date of payment down on the securities. *See* LA. REV. STAT. ANN. § 51:714(A). The dates on which the promissory notes were issued accurately represent the date of payment down. Therefore, interest at the judicial rate on the amount of judgment will be calculated and awarded for the following dates: a) for plaintiff Raymond Heck, from April 1, 2004,[1] until paid; b) for plaintiff Douglas Hamley, from February 1, 2004, until paid; for plaintiff Charles Moore, from May 2, 2004, until paid; c) for plaintiff Allen Richardson, from May 5, 2004, until paid.

B. Joint and Several Liability

Plaintiffs originally moved this Court to hold Defendants Triche and Buhler jointly and severally liable for violations of federal securities laws, but given this Court's subsequent ruling (doc. 197) that only the elements for liability under state law were found by the jury, that claim is no longer applicable. However, out of an abundance of caution, the Court will address whether Triche and Buhler are liable *in solido* under Louisiana law. The Court must determine whether Triche and Buhler are liable *in solido* for the state law claims where the defendants committed

---

[1] Heck was issued several promissory notes. This date reflects the date the final promissory note was issued.

a securities violation under Louisiana's Blue Sky laws, La. R.S. § 51:701 et seq. For the reasons that follow, the Court finds that solidary liability does not apply in this case.

An obligation on the part of debtors is *in solido* when they are obliged to the same thing such that each may be compelled for the whole, and payment made by one relieves the others toward the creditor. La. Civ. Code Ann. art. 1794. Solidary obligation is not presumed but must be expressly stipulated by contract or law. La. Civ. Code Ann. art. 1796. However, La. Civ. Code art. 2324(A) provides that "[h]e who conspires with another person to commit an intentional or willful act is answerable, *in solido*, with that person, for the damage caused by such act." *Soileau v. Ardoin*, 97-1314 (La. App. 3 Cir. 3/6/98), 707 So. 2d 1386, 1388-89. LSA-CC. 2324 expressly stipulates solidary obligation on the part of joint-tortfeasors whose acts are intentional or willful *and* committed in conspiracy with a co-defendant. Establishing conspiracy under LSA-CC. 2324 requires that a plaintiff establish that there was agreement as to the intended outcome or result. *Butz v. Lynch*, 97-2166 (La. App. 1 Cir. 4/8/98), 710 So. 2d 1171, 1174 (La. Ct. App. 1998) *writ denied,* 98-1247 (La. 6/19/98), 721 So. 2d 473. "[A] plaintiff alleging a conspiracy to commit fraud must 'plead with particularity the conspiracy as well as the overt acts ... taken in furtherance of the conspiracy. " *Davis v. Karl*, CIV.A. 10-875, 2010 WL 3312587 (E.D. La. Aug. 19, 2010) (quoting U.S. *ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 193 (5th Cir.2009)) (internal quotation marks omitted). Thus, "in order to recover under a conspiracy theory of liability, a plaintiff must prove: (1) that an

4

agreement existed to commit an illegal or tortious act; (2) that the act was actually committed and resulted in plaintiff's injury; and (3) that there was an agreement as to the intended outcome." *Id.* (citing *Crutcher-Tufts Res., Inc. v. Tufts*, 2009-1572 (La. App. 4 Cir. 4/28/10), 38 So. 3d 987, 991 (La. Ct. App. 2010)).

Here, the plaintiffs have failed to establish the requisite conspiracy for the application of *in solido* liability for two reasons. First, conspiracy was never before the jury for consideration. Second, the plaintiffs' case lacks proof of the elements of civil conspiracy. In addition to proving the underlying tortious conduct, the plaintiffs must have proved that Triche and Buhler had an agreement to commit the securities violation and that there was an agreement as to the intended outcome of the violation. The underlying violation was proved where the jury found liability. The plaintiffs argued in pleadings and at trial that Triche and Buhler conspired to defraud by misrepresenting or failing to include essential facts in the prospectus. The result of which was the loss of the plaintiff's money where Buhler had spent it and used the inventory securing their investment to securitize an additional loan. Buhler defaulted on that loan and the bank seized the furniture. However, there was no evidence that Triche knew of Buhler's 'plan' at the time of the writing of the prospectus (nor was any evidence presented that Buhler intended at the time of the writing and issuance of the prospectus to secure the additional loan). Also, Triche's alleged assistance writing the prospectus, which is all he is alleged to have done, cannot be fairly said to have caused the loss or Buhler's use of the plaintiff's investment security to secure additional funds. Moreover, there was no evidence

presented that Triche and Buhler had any agreement whatsoever as to the result of the tortuous conduct. Therefore, the plaintiffs failed to prove essential elements of civil conspiracy in the pleadings, further failed to prove them at trial, and failed to request any jury instruction that might have allowed the jury to find conspiracy. Thus, there is no basis for a finding of *in solido* liability where the plaintiff did not establish civil conspiracy and the question of conspiracy was never before the jury, despite numerous opportunities for the plaintiffs to have done so.

## II. Motion for Attorney's Fees

Local Rule 54.2 governs the award of attorney's fees in this Court. It provides:

> In all cases where attorney's fees are sought, the party desiring to be awarded such fees shall submit to the court a contemporaneous time report reflecting the date, time involved, and nature of services performed. The report shall be in both narrative and statistical form and provide hours spent and justification thereof.
>
> Any judge of the court may, for good cause shown, relieve counsel of the obligation of filing such a report with the court.

LR 54.2. In their motion for Attorney's Fees, Plaintiffs do not comply with this rule as they have failed to submit any sort of time report reflecting the time and nature of services performed. Instead, Plaintiffs assert that "time spent on this matter when computed on the basis of their normal hourly rate yields an amount substantially in excess of the amount awarded by the jury in this case" (doc. 198-1, at 2). Therefore, Plaintiffs request attorney's fees in the amount of 40% of the total amount of recovery. *Id.* The Court is permitted, upon a finding of good cause, to

relieve Plaintiffs' counsel of the obligation of filing such a report, but no such cause exists here. Plaintiffs' counsel states in the motion that it will submit the report should the Court decline to award the 40% penalty. In the interests of justice, and out of due fairness to Defendants and their ability to examine such a report in order to determine whether a requested amount of attorney's fees is reasonable, the Court DENIES Plaintiffs' motion for attorney's fees without prejudice. Plaintiffs are instructed to re-file the motion in compliance with Local Rule 54.2. In addition, Defendant's Motion for leave to file opposition (doc. 199) is DENIED as moot. Defendant is permitted to file a response in accordance with Local Rule 7.4.

**CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Plaintiffs' Motion for Attorney's Fees without prejudice (doc. 198). Plaintiffs are instructed to re-file the motion in accordance with the Local Rules. Defendant's Motion for Leave to File an Opposition is also DENIED as moot (doc. 199). The Court will permit Defendant to file an opposition to Plaintiffs' new motion in accordance with the Local Rules, should Plaintiff choose to re-file. Plaintiffs' Motion to Alter or Amend the Judgment is GRANTED in part, and DENIED in part. (doc. 173) The Court finds that Plaintiffs shall be awarded pre-judgment interest, but denies their request for joint and several liability under federal law, or solidary liability under Louisiana law.

Plaintiffs are HEREBY ORDERED to file a motion and proposed order within 14 days of this Ruling specifying the amounts owed by each defendant to each plaintiff, including interest.

Baton Rouge, Louisiana, July __1__, 2013.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA