UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAYMOND E. HECK, ET AL.                              CIVIL ACTION

VERSUS

KENNETH K. BUHLER, ET AL.                    NO.: 3:07-cv-00021-BAJ

RULING, ORDER AND JUDGMENT

Before the Court is Plaintiffs' motion styled **PLAINTIFFS' RESPONSE TO
THIS COURT'S RULING AND ORDER OF JULY 2, 2013 (Doc. 205
(hereinafter, "Motion")).** Plaintiffs' Motion makes three requests: first, that the
Court reconsider its July 2, 2013 Order insofar as that Order denied in part their
previously filed motion to alter or amend the judgment, (*id.* at pp. 10); second, that
the Court assess Plaintiffs' attorney fees and costs against Defendants, (*id.* at pp.
10–11); and, third, that the Court enter judgment, including an assessment of
interest, against Defendants, (*id.* at pp. 11–14).   Defendants have filed a
memorandum in opposition to Plaintiffs' various requests.   (Doc. 206).   Oral
argument is not necessary.

I.   **BACKGROUND**

On July 2, 2013, this Court issued an order denying in part and granting in
part Plaintiffs' Federal Rule of Civil Procedure ("Rule") 59(e) motion to alter or
amend the judgment.  (Doc. 200).  Specifically, the Court granted Plaintiffs' request
for reconsideration to the extent it related to whether Plaintiffs were entitled to pre-
judgment interest, determining that "judicial interest will be applied to the

amounts owed the Plaintiffs," and setting various dates (according to each defendant) for determining the interest due. (*Id.* at pp. 2–3). However, the Court denied Plaintiffs' request to hold Defendants jointly and severally liable for the judgment. (*Id.* at p. 3–5). The Order further directed Plaintiffs to refile their Motion for Attorney's Fees in accordance with this Court's Local Rules, and "to file a motion and proposed order within 14 days . . . specifying the amounts owed by each defendant to each plaintiff, including interest." (*Id.* at pp. 7–8).

On July 10, 2013, Plaintiffs filed a motion requesting "three additional weeks" to "re-file their motion for attorneys' fees pursuant to LR54.2" and to "prepare [and submit] proposed judgments with interest for each Plaintiff against each Defendant." (Doc. 201 at pp. 1–2). Plaintiffs' Motion said nothing regarding their intent to file a request for reconsideration of the Court's July 2 Order. The Court granted Plaintiffs' request for an extension, and reset the deadline for filing their motion for attorney's fees and proposed judgment order to August 5, 2013.

On August 5, Plaintiffs filed the Motion that is the subject of this Order. (Doc. 205). Defendants' opposition memorandum followed on August 23.

## II. DISCUSSION

### a. Request for relief from this Court's July 2, 2013 Order

As an initial matter, Plaintiffs request that this Court reconsider its determination that "there is no basis for a finding of *in solido* liability" because Plaintiffs "failed to prove essential elements of civil conspiracy in the pleadings,

2

further failed to prove them at trial, and failed to request any jury instruction that might have allowed the jury to find conspiracy." (Doc. 200 at p. 6). Specifically, Plaintiffs assert that "the Court committed an error of law when it ruled that [Defendants] are not jointly and severally liable to Plaintiffs" because "[t]he jury found that both of the defendants, Triche and Buhler, used an instrumentality of interstate commerce in connection with the securities transaction involved in this case." (Doc. 205 at pp. 1–3).

"Although motions for reconsideration or rehearing are typically treated as Fed. R. Civ. P. 59(e) motions, motions for reconsideration or rehearing served more than [28] days after the judgment are generally decided under Fed. R. Civ. P. 60(b)." *See In re Stangel*, 68 F.3d 857, 859 (5th Cir. 1995). Here, Plaintiffs' Motion was filed 34 days after this Court's denial of Plaintiffs' original Rule 59(e) Motion, (*compare* Doc. 200 (Order denying in part Plaintiffs' Rule 59(e) Motion, dated July 2, 2013), *with* Doc. 205 (Plaintiffs' Motion, dated Aug. 5, 2013)), and more than two years after the entry of judgment in this case, (*see* Doc. 171 (Judgment in favor of Plaintiffs, dated June 22, 2011)). Accordingly, the Court will treat Plaintiffs' Motion as a Rule 60(b) motion for relief from this Court's July 2 Order denying in part Plaintiffs' Rule 59(e) motion.[1] *See Stangel*, 68 F.3d at 859.

---

[1] The Court's July 12 Order addressed *only* whether to grant Plaintiffs an extension until August 5 to file their Motion for Attorney's Fees and their proposed judgment order. (Doc. 204). The July 12 Order did not address an extension of time to file a Rule 59(e) Motion because, quite simply, Plaintiffs did not make any such request. (*See* Doc. 201). Accordingly, the Court determines that Plaintiffs' request for reconsideration was not timely filed within the 28-day window as is required to

3

"Rule 60(b)(6) provides that a court may 'relieve a party . . . from a final judgment . . . for . . . any other reason justifying relief from the operation of the judgment.'" *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (quoting Fed. R. Civ. P. 60(b)(6)). Although "Rule 60(b)(6) is a grand reservoir of equitable power to do justice," the U.S. Fifth Circuit Court of Appeals has "narrowly circumscribed its availability, holding that Rule 60(b)(6) relief will be granted only if extraordinary circumstances are present." *Id.* (quotation marks and citations omitted).

Here, Plaintiffs' request for "[r]econsideration" of this Court's July 2 ruling that Defendants are not jointly and severally liable under Federal or state law simply restates arguments advanced in Plaintiffs' Rule 59(e) motion and *rejected* in the July 2 ruling and order. (*See* Doc. 205 at pp. 1–10 (Plaintiffs' Rule 60(b) Motion); Doc. 173-1 at pp. 3–6 (Plaintiffs' Rule 59(e) Motion); Doc. 200 at pp. 3–7 (Order denying in part Plaintiffs' Rule 59(e) Motion)). It is well-established that "[a] Rule 60(b) motion should be denied if it challenges on the merits an earlier denial of . . . relief." *Balentine v. Thaler*, 626 F.3d 842, 846 (5th Cir. 2010). Accordingly, having simply restated arguments already rejected by this Court, Plaintiffs have failed to show the "extraordinary circumstances" necessary to obtain the relief they seek. *Batts*, 66 F.3d at 747 (quotation marks omitted).

---

be considered a motion to alter or amend the judgment under Rule 59, even in light of the July 12 Order granting an extension for other filings. *See* Fed. R. Civ. P. 59(e).

### b. Request for award of attorney fees and costs

Next, Plaintiffs request that the Court assess attorney's fees and costs against Defendants. (Doc. 205 at pp. 10–11). Defendants oppose Plaintiffs' request. (Doc. 206 at pp. 4–8).

Title 15, United States Code § 78r provides that in a securities action, "the court may, in its discretion, require an undertaking for the payment of the costs of such suit, and assess reasonable costs, including reasonable attorneys' fees, against either party litigant." 15 U.S.C. § 78r. "The calculation of attorney's fees involves a well-established process." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). "First, the court calculates a 'lodestar' fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. The court then considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case." *Id.* Accordingly, the Court will first determine the "reasonable number of hours expended on the case" by the Plaintiffs' lawyers, and then assess "the reasonable hourly rates for the [Plaintiffs'] lawyers." *Id.*

### i. Reasonable Number of Hours Expended on the Case

In all cases, "[t]he fee applicant bears the burden of proving that the number of hours for which compensation is requested is reasonable." *Cooper v. Pentecost*, 77 F.3d 829, 832 (5th Cir. 1996). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* (quotation marks

5

omitted); *see also La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) ("[A] district court may reduce the number of hours awarded if the documentation is *vague* or *incomplete*." (emphasis in original)).

Previously, this Court denied without prejudice Plaintiffs' Motion for Attorney's Fees because Plaintiffs' prior request failed to comply with this Court's Local Rules for submission of fee requests. (Doc. 200 at p. 7). Specifically, Plaintiffs "failed to submit any sort of time report reflecting the time and nature of services performed," asserting instead that they were entitled to "attorney's fees in the amount of 40% of the total amount of recovery." (*Id.* at p. 6). In denying Plaintiffs' previous request for fees, the Court "instructed" Plaintiffs in no uncertain terms "to re-file their motion in compliance with Local Rule 54.2." (*Id.* at p. 7).

Local Rule 54.2 provides:

> In all cases where attorney's fees are sought, the party desiring to be awarded such fees shall submit to the court a contemporaneous time report reflecting the date, time involved, and nature of the services performed. The report shall be in both narrative and statistical form and provide hours spent and justification thereof.

> Any judge of the court may, for good cause shown, relieve counsel of the obligation of filing such a report with the court.

M.D. La. LR54.2.

Plaintiffs' latest motion makes no attempt to show that they should be relieved "of the obligation of filing . . . a [fee] report with the court," M.D. La. LR54.2. (*See* Doc. 205 at pp. 10–11). Accordingly, the Court will review whether Plaintiffs have satisfied the requirements spelled out in Local Rule 54.2 for

6

determining the reasonable number of hours expended on the case. *See* M.D. La. LR54.2.

Plaintiffs request that the Court assess fees for services rendered by attorneys Donald Beckner and Peter Carmichael. (Doc. 205 at pp. 10–11). Plaintiffs assert that "Beckner's . . . hours . . . totaled 909.25 hours through April, 2011," when he "stopped recording his time because the hours spent had become large." (*Id.* at p. 11). Plaintiffs assert that "Carmichael's hours totaled 339.25." (*Id.*). Plaintiffs support their fee request with various time reports prepared by Beckner and Carmichael. (*See* Doc. 205-6 (Exhibit A (Beckner's Time Reports)); Doc. 209 (Exhibit A-1 Supplemented (Beckner's Time Reports, cont.); Doc. 209-1 (Exhibit A-2 Supplemented (Beckner's Time Reports, cont.)); Doc. 209-2 (Exhibit B Supplemented (Carmichael's Time Reports))).

Defendants take issue with Plaintiffs' time reports, asserting that "[t]he exhibits submitted by the Plaintiffs fail to satisfy the requirements of Local Rule 54.2," (Doc. 206 at p. 5), and therefore Plaintiffs have failed to provide the Court "the requisite information . . . to determine a 'reasonable fee.'" (*Id.* p. 8). Specifically, Defendants point out various "shortcomings" in Beckner's and Carmichael's time reports, including; (1) multiple reports that fail to state "the nature of the service performed, []or a justification for the . . . hours allegedly expended," (*id.* at p. 5); (2) other reports that are "indecipherable" and/or

7

"redact[ed]" to a "degree which renders any meaningful analysis impracticable," (*id.* at p. 6); and (3) still more reports that are "completely blank" or "blacked out," (*id.*).

Upon independent review, the Court agrees with Defendants that some, but *not* all, of Plaintiffs' exhibits are too "vague or incomplete" to satisfy Plaintiffs' burden of proving that their fee request is reasonable. *Kellstrom*, 50 F.3d at 324 (emphasis omitted); *Cooper*, 77 F.3d at 832; *see* M.D. La. LR54.2. For example, Beckner's timesheets include multiple entries that are indecipherable, either due to illegible handwriting or poor copy quality. (*E.g.* Doc. 205-6 at pp. 2–4, 8–10, 12–16). Other time reports include no meaningful description of services rendered. (*E.g.* Doc. 209 at p. 6 (stating only that services rendered on July 22, 2007 were "same as 7/21/07"); Doc. 209-2 at p. 3 (describing services provided on June 3, 2011 only as "continued preparation for trial"). Still other pages are duplicative, (*e.g.* Doc. 205-6 at pp. 2–3 (including the *same* time report sheet twice for dates Nov. 6–18, 2006), or blacked out entirely, (Doc. 209-1 at pp. 19–20). These deficiencies (and *more*) remain *despite* the Court having provided Plaintiffs *specific* instructions for submitting their request for attorney's fees, (*see* Doc. 200 at pp. 6–7), *and* despite the Court having provided Plaintiffs the opportunity to *re-submit* their documentation in support of their fee request upon Plaintiffs' realization that "certain exhibits" were "not [properly] processed by the CF/CMF [sic] Filing System," (Doc. 207 at p. 1 (Plaintiffs' Motion to Re-File Portions of Plaintiffs' Exhibits); Doc. 208 (Order granting Plaintiffs' Motion to Re-File)).

8

Accordingly, the Court will reduce "the reasonable number of hours expended on the case" to those entries which comply with Local Rule 54.2. *Migis*, 135 F.3d at 1047.

### 1. Beckner's Time Reports

The Court finds that the following work accounted for in Beckner's time reports satisfies the requirements of LR54.2—and shall be counted for purposes of determining Beckner's reasonable hours—because these reports sufficiently "prov[e] that the number of hours for which compensation is requested is reasonable," *Cooper*, 77 F.3d at 832:

| **Work Performed** | **Total Hours** | **Record Cite** |
|---|---|---|
| "Review documents supplied by client; [call with] client; Review Record of Bankruptcy Proceedings in Both Cases" | 3.25 | Exhibit A, Doc. 205-6 at p. 2 |
| "Review and analyze Bankruptcy Proceedings; review and analyze documents" | 3 | *Id.* |
| "Review and analyze case law on Securities issues; meeting [with] client" | 2 | *Id.* at p. 4 |
| "Review and analyze case law on Breach of Fiduciary Duty" | 2.75 | *Id.* at p. 5 |
| "Review documents submitted by client" | 1.5 | *Id.* at p. 6 |
| "Preparation of Complaint; Review and analyze Securities law" | 3.25 | *Id.* at p. 7 |
| "Review all documents in legal proceedings; Preparation of complaint for Securities violation" | 6.25 | *Id.* |
| "Preparation of Summons; Preparation of Civil Cover Sheet; Preparation of Complaint; [call with] Barron Miller" | 3.75 | *Id.* at p. 9 |
| "Review Buhler interrogatory, pleadings; Review Buhler Statement of Financial Affairs; Preparation of Complaint" | 6.5 | *Id.* at p. 10 |
| "[Call with] Client; Preparation of Complaint; | 5.25 | *Id.* |

9

| | | |
|---|---|---|
| [Call with] client – correspondence; Review Local Rules of Court" | | |
| "Preparation of Complaint" | 1 | *Id.* |
| "Review Federal Rules of Civil Procedure; [Call with] Process Server" | .75 | *Id.* at p. 11 |
| "[Call with] Process Server" | .5 | *Id.* |
| "Correspondence (3); Review alternative proposals > 1" | 1 | *Id.* at p. 12 |
| "Review Mayle v. Felix, U.S. Supreme Court 2005 Decision on Amendment to Rule 15(c)(2)" | 2.5 | *Id.* at p. 17 |
| "Review Request for Production of Documents; Review Ruling of Court; Determine how to resolve production issue; Review new documents" | 2.25 | Exhibit A-1 Supplemented, Doc. 209 at p. 2 |
| "Determine how to resolve production issue; Review and analyze case law; Review documents and changes with Triche's documents" | 4.5 | *Id.* |
| "Compare documents submitted for our Initial Disclosures with Requests for Production made by Triche" | 1.5 | *Id.* |
| "Review and analyze case law re: Triche's legal arguments and cases cited" | 3.5 | *Id.* at p. 3 |
| "Review and analyze answer filed by Dearmond; Compare with answer filed by Triche; Correspondence with clients" | 2.75 | *Id.* |
| "Correspondence; Review and analysis of case law on interrogatories issue" | 2 | *Id.* |
| "Review and analysis of case law" | .5 | *Id.* |
| "Preparation of Request for Production of Documents; Review Pleadings" | 4 | *Id.* at p. 4 |
| "Preparation of Request for Production of Documents; Review all Pleadings; Preparation of Requests for Admissions" | 4.25 | *Id.* |
| "Preparation of Interrogatories; Correspondence (3)" | 4 | *Id.* |
| "Preparation of Plaintiffs' Response to Triche's Request for Production of Documents" | 1.75 | *Id.* at p. 5 |
| "Review Supreme Court of U.S. decision in Tellabs" | .5 | *Id.* |
| "Correspondence; Pleadings Filed" | .5 | *Id.* |

10

| | | |
|---|---|---|
| "Review file; Correspondence to Reynaud" | .5 | *Id.* |
| "[Call with] court; Preparation of opposition to motion to Compel" | 2.5 | *Id.* at p. 6 |
| "Review and analyze case law; Review and analysis of arguments made by Triche" | 3.25 | *Id.* |
| "Preparation of Opposition to Triche's motion to compel" | 4 | *Id.* at p. 7 |
| "Preparation of Opposition Memorandum; Review and analysis of case law" | 5.25 | *Id.* |
| "Preparation of opposition memorandum; Review and analysis of case law" | 5.25 | *Id.* |
| "Scheduling issue; Preparation of opposition memorandum; Review and analysis of case law" | 3.25 | *Id.* at p. 8 |
| "Review cross-claim filed by Triche against Buhler" | 1 | *Id.* |
| "Preparation of opposition memorandum; Review and analysis of case law; Review Triche's argument" | 4.75 | *Id.* |
| "[Call with] Clerk of Court" | .25 | *Id.* at p. 9 |
| "Review Pleadings; check Record" | .5 | *Id.* |
| "Review pleadings to determine when Triche's and Dearmond's discovery responses are due" | .25 | *Id.* |
| "Review Pleadings; Review Judgment" | 1 | *Id.* at p. 10 |
| "Preparation of Requests for Admissions, Interrogatories; Request for Production of Documents to Daryl Dearmond" | 5.5 | *Id.* |
| "Review and analysis of Triche's Motion for Relief from Judgment" | 6.75 | *Id.* at p. 11 |
| "Preparation of memorandum" | 4.25 | *Id.* |
| "Review and analysis of case law; Review Wright v. Miller; Review Triche's Motion for Partial Summary Judgment" | 7 | *Id.* at p. 12 |
| "Review and analysis of case law on all issues; Preparation of opposition memorandum; Review all of Triche's exhibits" | 6.75 | *Id.* |
| "Preparation of opposition memorandum; Review and analyze case law" | 7.5 | *Id.* at p. 13 |
| "Preparation of Sworn Declarations of Clients; Review 28 U.S.C.A.; Preparation of Motion" | 4 | *Id.* |
| "Preparation of Motion; Correspondence to | 1.5 | *Id.* at p. 14 |

11

| | | |
|---|---|---|
| counsel for Triche and Dearmond; filing motion CMECF" | | |
| "Review opposition filed by Triche; Review and analyze case law" | 1 | *Id.* |
| "Review Pleadings; Review correspondence" | 1 | *Id.* |
| "Review Richardson documents" | 6.5 | Exhibit A-2 Supplemented, Doc. 209-1 at p. 2 |
| "Review documents; add items to timeline" | 4.25 | *Id.* |
| "Deposition of Wayne Triche" | 9 | *Id.* at p. 3 |
| "Deposition of Ken Buhler" | 9.25 | *Id.* |
| "Preparation for deposition of Ken Buhler" | 4.75 | *Id.* |
| "Preparation for deposition of Dearmond" | 4.25 | *Id.* |
| "Review and analyze case law on contribution issue under 15 U.S.C. 78u-4" | 2.75 | *Id.* at p. 5 |
| "Review and analyze Triche's deposition and exhibits" | 5 | *Id.* at p. 6 |
| "Preparation and outline of Triche's deposition" | 5 | *Id.* |
| "Meeting with Peter Carmichael; Discussion of case issues; Review Depositions" | 3.25 | *Id.* at p. 7 |
| "Review memoranda; [Call with] Pete Carmichael; Preparation for Trial; [Call with] Ken Buhler" | 2.25 | *Id.* at p. 8 |
| "Review memoranda; Correspondence" | 1.25 | *Id.* |
| "Correspondence to clients; Review and Analysis of case law including Merrit v. Reynolds" | 5.25 | *Id.* at p. 9 |
| "Review and analyze case law on aiding and abetting liability after Stone Ridge" | 4.75 | *Id.* |
| "Preparation for Status Conference; status conference w/ Court" | 3 | *Id.* |
| "Preparation of outlines of Triche's deposition; Review exhibits" | 3.5 | *Id.* at p. 10 |
| "Preparation of timeline" | 4.75 | *Id.* |
| "Review exhibits; Preparation of outline of Triche's deposition" | 5.25 | *Id.* |
| "Meeting with Ken Buhler; Preparation of outline of Triche's deposition; Review exhibits" | 6.25 | *Id.* at p. 12 |
| "Revise outline of Triche deposition" | 3.75 | *Id.* |
| "Correspondence (2); Review Exhibits; Review outline" | 4.5 | *Id.* |

12

| | | |
|---|---|---|
| "Correspondence (8); Preparation of Motion to Enroll Additional Counsel; Review outlines from co-counsel" | 6.75 | *Id.* at p. 13 |
| "[Call with] clerk; Correspondence (5); [Call with] Peter Carmichael; Review outlines of deposition testimony prepared by Peter" | 4.75 | *Id.* |
| "Preparation of opposition memorandum; Review outlines of Deposition; correspondence; Preparation; Outline of Buhler's Deposition" | 7.5 | *Id.* at p. 15 |
| "Preparation of outline of Buhler's deposition; Review exhibits" | 4.25 | *Id.* |
| "Preparation of outline of Buhler's deposition; [Call with] Raymond Heck; Review exhibits; correspondence (3)" | 4.75 | *Id.* |
| "[Call with] Joe Mckearn; Meeting with Pete Carmichael; Exhibit issue; correspondence; Preparation; Outline of Buhler's deposition" | 7 | *Id.* at p. 16 |
| "Correspondence (multiple); [Call with] Pete Carmichael; Preparation; Outline of Buhler deposition" | 6.25 | *Id.* |
| "Preparation of outline of Buhler deposition; Review Exhibits" | 5.25 | *Id.* |
| "Conference call with Court" | 2 | *Id.* at p. 17 |
| "Preparation of outline of Buhler's deposition" | 3.25 | *Id.* |
| "Preparation for Trial; Buhler deposition outline" | 3.25 | *Id.* at p. 18 |
| "Review exhibits for use at trial; Review all clients' notes; Presentation of outlines of Buhler's Deposition." | 5.5 | *Id.* |
| **BECKNER'S TOTAL REASONABLE HOURS:** | **311.25** | |

However, the Court further finds that all additional entries in Beckner's time reports are either too vague, illegible, or indecipherable to justify a fee award. (*See generally* Doc. 205-6; Doc. 209; Doc. 209-1).

13

## 2. Carmichael's Time Reports

The Court finds that all work accounted for in Carmichael's time reports satisfies the requirements of LR54.2, *except* the June 2, 2011 entry claiming 7.5 hours for "continued preparation for trial." (*See* Doc. 209-2 at pp. 2–5; *id.* at p. 3 (specifying services rendered as "continued preparation for trial")). This entry is too vague to be included in a reasonable fee assessment. *Cooper*, 77 F.3d at 832.

| CARMICHAEL'S TOTAL REASONABLE HOURS: | 94.75 | |
|---|---|---|

### ii. *Reasonable Hourly Rate*

As noted, the "lodestar fee" is calculated "by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers." *Migis*, 135 F.3d at 1047 (quotation marks omitted). An attorney's reasonable hourly rate should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); *see also Leroy v. City of Houston*, 906 F.2d 1068, 1078–79 (5th Cir. 1990) ("In evaluating an attorneys' fees award, we are guided by the overriding principles that a reasonable attorney's fee' is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys . . . ." (quotation marks and alterations omitted)). The Fifth Circuit has emphasized that "the relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in

14

which the district court sits." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (quotation marks omitted).

The party applying for attorney's fees bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rate. *Kellstrom*, 50 F.3d at 324. "[A] mere conclusory statement that [a] fee [is] reasonable" is insufficient for calculating the lodestar fee. *See Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). Instead, "[t]o inform and assist the court in [determining the reasonable rate]" the fee applicant should produce an affidavit of the attorney performing the work, information of rates actually billed and paid in similar lawsuits, *see Blum,* 465 U.S. at 896 n.11, as well as "affidavits of other attorneys practicing [in the community in question]," *Tollett*, 285 F.3d at 368. S*ee, e.g., Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993) (party seeking fees submitted "affidavits from other attorneys in the community showing the prevailing market rates in the community"). In addition to the community rate, "a court considers the attorneys' regular rates" when determining a reasonable rate. *Kellstrom*, 50 F.3d at 328.

Here, Plaintiffs have failed to produce *any* evidence whatsoever by which this Court can determine the reasonable hourly rate for their attorneys' services. (*See* Doc. 205 at pp. 10–11 and exhibits). Having failed to provide any indication as to the prevailing rate in their community for the services provided, *or* as to Beckner's and Carmichael's "regular rates," *Kellstrom*, 50 F.3d at 328, the Court is deprived of

15

information necessary to calculate the lodestar fee. *See Migis*, 135 F.3d at 1047 Likewise, the Court is unable to determine "whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case." *Id.*

In sum, the Court concludes that Plaintiffs have failed to produce sufficient evidence to justify an assessment of attorneys' fees against Defendants, despite having had multiple opportunities to produce a proper fee request. Accordingly, Plaintiffs' request for attorney's fees will be denied.

### iii. Reasonable Costs

Plaintiffs further request that their costs be assessed against Defendants, and include itemized exhibits indicating costs of $6,558.65 incurred by Beckner, (Doc. 205-3), and $3,782.20 incurred by Carmichael, (Doc. 205-1). Defendants do not contest the reasonableness of these costs. (*See* Doc. 206 at pp. 4–8). Upon independent review, the Court likewise determines that these costs are reasonable. Accordingly, Defendants will be assessed Plaintiffs' costs totaling $10,340.85, apportioned according to the distribution of fault assigned by the jury and entered in this Court's judgment. Specifically, Defendant Buhler shall be liable for 60% of Plaintiffs' costs, or $6,204.51; Defendant Triche shall be liable for 40% of Plaintiffs' costs, or $4,136.34. (*See* Doc. 170 (Jury Verdict Form assigning Defendant Buhler 60% fault and Defendant Triche 40% fault); Doc. 171 (Judgment assigning same distribution of fault)).

16

### c. Request for judgment including interest

Finally, Plaintiffs request that the Court enter an order assessing pre-judgment interest against Defendants. (Doc. 205 at pp. 11–14). This request is in response to the Court's July 2 Order, which directed Plaintiffs "to file a motion and proposed order . . . specifying the amounts owed by each defendant to each plaintiff, including interest." (Doc. 200 at p. 8).

This Court has twice clarified that sufficient evidence existed to hold Defendants liable for securities violations under Louisiana state law, but *not* federal law. (*See* Doc. 197 at p. 3; Doc. 200 at p. 2). When an action based upon state substantive law proceeds in federal court and state law provides for prejudgment interest, judicial interest at the state rate is properly awarded from the date of judicial demand until the date of entry of judgment. *Bartholomew v. CNG Producing Company*, 832 F.2d 326, 330 (5th Cir. 1987). Postjudgment interest, however, is governed by federal statute, 28 U.S.C. § 1961, which provides: "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a); *see Bartholomew*, 832 F.2d at 330. Accordingly, Plaintiffs are entitled to judicial interest from the date of judicial demand until June 22, 2011—the date this Court entered judgment, (Doc. 171)—at the Louisiana rate, and then from June 22, 2011 until paid at the federal rate.

17

III.  **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiffs' **MOTION (Doc. 205)** is **DENIED in PART and GRANTED in PART.** Specifically,

**IT IS ORDERED** that Plaintiffs' **MOTION (Doc. 205)** is **DENIED** to the extent that it seeks reconsideration of this Court's ruling on the issue of joint and several liability, (*id.* at pp. 1–10).

**IT IS FURTHER ORDERED** that Plaintiffs' **MOTION (Doc. 205)** is **DENIED** *without* prejudice to refile to the extent that it seeks assessment of attorney's fees against Defendants, (*id.* at pp. 10–11). Should Plaintiffs' choose, they shall have one *final* opportunity to refile their Motion for Attorney's Fees. Because the Court has already determined the reasonable hours expended by Plaintiffs' attorneys based on the evidence submitted with the instant motion, *supra*, Plaintiffs shall *limit* any future motion to the issue of their attorneys' reasonable rate(s). Further, any future motion is **due *not later than* Tuesday, February 18, 2014.** Pending Plaintiffs' decision to refile their request for fees, Defendants shall have until **Tuesday, March 11, 2014** to file a response. *See Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) ("In a statutory fee case, the party opposing the fee award . . . has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee.").

18

**IT IS FURTHER ORDERED** that Plaintiffs' **MOTION (Doc. 205)** is **GRANTED** to the extent that it seeks assessment of reasonable costs against Defendants, (*id.* at pp. 10–11). Specifically, the Court **ASSESSES COSTS** against **DEFENDANT BUHLER** in the amount of **$6,204.51,** and against **DEFENDANT TRICHE** in the amount of **$4,136.34.**

**IT IS FURTHER ORDERED** that **JUDGMENT SHALL BE ENTERED** in favor of Plaintiffs, and against Defendants in accordance with the following:

**It is ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of plaintiff Raymond E. Heck and against defendant Wayne Triche in the amount of $35,979.18, plus judicial interest at the Louisiana state judicial interest rate from April 1, 2004 through June 22, 2011, plus judicial interest at the federal judicial interest rate from June 22, 2011, until paid.

**It is ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of plaintiff Raymond E. Heck and against defendant Kenneth K. Buhler in the amount of $53,968.77, plus judicial interest at the Louisiana state judicial interest rate from April 1, 2004 through June 22, 2011, plus judicial interest at the Federal Judicial Interest Rate from June 22, 2011, until paid.

**It is ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of plaintiff Doug Hamley and against defendant Wayne Triche in the amount of $10,000.00, plus judicial interest at the Louisiana state judicial interest

Case 3:07-cv-00021-BAJ-CN   Document 210   02/04/14   Page 19 of 21

rate from February 1, 2004 through June 22, 2011, plus judicial interest at the Federal Judicial Interest Rate from June 22, 2011, until paid.

**It is ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of plaintiff Doug Hamley and against defendant Kenneth K. Buhler in the amount of $15,000.00, plus judicial interest at the Louisiana state judicial interest rate from February 1, 2004 through June 22, 2011, plus judicial interest at the Federal Judicial Interest Rate from June 22, 2011, until paid.

**It is ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of plaintiff Charles Moore and against defendant Wayne Triche in the amount of $40,000.00, plus judicial interest at the Louisiana state judicial interest rate from May 2, 2004 through June 22, 2011, plus judicial interest at the Federal Judicial Interest Rate from June 22, 2011, until paid.

**It is ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of plaintiff Charles Moore and against defendant Kenneth K. Buhler in the amount of $60,000.00, plus judicial interest at the Louisiana state judicial interest rate from May 2, 2004 through June 22, 2011, plus judicial interest at the Federal Judicial Interest Rate from June 22, 2011, until paid.

**It is ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of plaintiff Joseph McKearn and against defendant Wayne Triche in the amount of $14,800.00, plus judicial interest at the Louisiana state judicial interest

Case 3:07-cv-00021-BAJ-CN   Document 210   02/04/14   Page 20 of 21

rate from February 6, 2004 through June 22, 2011, plus judicial interest at the Federal Judicial Interest Rate from June 22, 2011, until paid.

**It is ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of plaintiff Joseph McKearn and against defendant Kenneth K. Buhler in the amount of \$22,200.00, plus judicial interest at the Louisiana state judicial interest rate from February 6, 2004 through June 22, 2011, plus judicial interest at the Federal Judicial Interest Rate from June 22, 2011, until paid.

**It is ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of plaintiff Allen Richardson and against defendant Wayne Triche in the amount of \$20,000.40, plus judicial interest at the Louisiana state judicial interest rate interest from May 5, 2004 through June 22, 2011, plus judicial interest at the Federal Judicial Interest Rate from June 22, 2011, until paid.

**It is ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of plaintiff Allen Richardson and against defendant Kenneth K. Buhler in the amount of \$30,000.60, plus judicial interest at the Louisiana state judicial interest rate from May 5, 2004 through June 22, 2011, plus judicial interest at the Federal Judicial Interest Rate from June 22, 2011, until paid.

Baton Rouge, Louisiana, this 4th day of February, 2014.

_Brian A. J_

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

21