UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAYMOND E. HECK, ET AL.  CIVIL ACTION

VERSUS

KENNETH K. BUHLER, ET AL.  NO.: 3:07-cv-00021-BAJ

RULING AND ORDER

Before the Court is Plaintiffs' motion styled **PLAINTIFFS' RESPONSE TO COURT'S FEBRUARY 4, 2014 RULING (Doc. 212 (hereinafter, "Motion"))**. As suggested by its title, Plaintiffs' Motion follows this Court's February 4, 2014 Order and Judgment, which, among other things, directed Plaintiffs to submit satisfactory evidence of their attorneys' reasonable hourly rates so that the Court can make a final determination on the issue of attorneys' fees. (*See* Doc. 210 at pp. 14–16, 18). Defendants have filed a memorandum in opposition to Plaintiffs' latest fee request. (Doc. 214). Oral argument is not necessary.

I. BACKGROUND

Plaintiffs have been afforded multiple opportunities to show that they are entitled to a fee award to compensate for the work of their attorneys Donald L. Beckner and Peter G. Carmichael. (*See* Doc. 168; Doc. 172; Doc. 198; Doc. 205; Doc. 207). Suffice for now to say that in its most recent Order on the issue of fees, this Court provisionally denied Plaintiffs' fee request because although Plaintiffs produced adequate documentation to show the number of hours their attorneys' worked, (Doc. 210 at pp. 9–14), Plaintiffs "failed to produce *any* evidence" attesting

to Mr. Beckner's and/or Mr. Carmichael's reasonable hourly rates. (*Id.* at p. 15 (emphasis in original)). Thus, the Court was "deprived of information necessary to calculate the lodestar fee." (*Id.* at pp. 15–16).

Nevertheless, the Court provided Plaintiffs "one *final* opportunity to refile their Motion for Attorney's Fees," instructing that "any future motion [shall be limited] to the issue of their attorneys' reasonable rate(s)." (*Id.* at p. 18 (emphasis in original)).[1] Plaintiffs' latest Motion asserts that a "rate of $300.00 per hour for

---

[1] The Court's February 4 Order admonished Plaintiffs to "*limit* any future motion to the issue of their attorneys' reasonable rate(s)" because the Court "already determined the reasonable hours expended by Plaintiffs' attorneys based on the evidence submitted with [Plaintiffs' August 5, 2013] motion." (Doc. 210 at p. 18 (emphasis in original)). Nonetheless, Plaintiffs devote two-thirds of their instant Motion to second-guessing the Court's ruling regarding the reasonable number of hours Mr. Beckner and Mr. Carmichael spent on their case. (*See* Doc. 212 at pp. 1–5). Specifically, Plaintiffs question: (1) the Court's decision to reduce Mr. Beckner's hours from 909.25 *claimed* to 311.25 *actual* because "[t]he Court's ruling did not disclose which time reports were too vague, illegible, or indecipherable to justify a fee award," but instead "only listed the time reports that passed . . . muster," (*id.* at p. 3); and (2) the Court's decision to reduce Mr. Carmichael's hours from 339.25 hours *claimed* to 94.75 hours *actual*, asserting that the Court committed "a typing error," (*id.* at p. 4).

The Court is not persuaded by Plaintiffs' protestations regarding its assessment of their attorneys' time reports. To repeat: "[t]he fee applicant bears the burden of proving that the number of hours for which compensation is requested is reasonable," and "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Cooper v. Pentecost*, 77 F.3d 829, 832 (5th Cir. 1996). Further, this Court's Local Rules require that "[i]n all cases where attorney's fees are sought, the party desiring to be awarded such fees *shall submit to the court* a contemporaneous time report *reflecting the date, time involved, and nature of the services performed,*" *unless* "for good cause shown, . . . counsel [is relieved] of the obligation of filing such a report with the court." *See* M.D.La. 54.2 (emphasis added). As explained in the February 4 Order, Plaintiffs' counsel "ma[de] no attempt to show that they should be relieved of the obligation of filing a fee report with the court." (Doc. 210 at p. 6). Accordingly, the Court assessed "whether Plaintiffs . . . satisfied the requirements spelled out in Local Rule 54.2 for determining the reasonable number of hours expended on the case." (*Id.*).

After thorough review, the Court determined that only *certain* of Mr. Beckner's time reports "satisfie[d] the requirements of LR54," (*id.* at p. 9)—specifically 311.25 hours—and reduced Mr. Beckner's award accordingly. (*See id.* at pp. 9–13). *Cooper*, 77 F.3d at 832. In reaching this conclusion, the Court *specifically* listed each of the time reports it considered adequate to satisfy LR54.2. The Court fails to see why it should *also* have listed each of the reports it considered *inadequate*, particularly when many of the reports were deemed inadequate precisely because they were "indecipherable, either due to illegible handwriting or poor copy quality." (*Id.* at p. 8).

2

securities litigation is a reasonable rate in the community," (Doc. 212 at p. 5), and supports this claim with multiple affidavits, (*see* Doc. 212-1; Doc. 212-2; Doc. 212-3; Doc. 212-4; Doc. 212-5). Defendants once again oppose Plaintiffs' fee request, asserting that because "Plaintiffs have failed after being given numerous opportunities to provide the requisite 'satisfactory evidence,' the motion for attorneys' fees should be denied." (Doc. 214 at p. 6).

## II. DISCUSSION

*a. Lodestar analysis*

As discussed in the February 4 Order, the "lodestar fee" is calculated "by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (quotation marks omitted). "The court then considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case." *Id.* In assessing whether to adjust the lodestar fee, the court "look[s] to twelve factors, known as the *Johnson* factors." *Id.*

> The factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the

---

Mr. Carmichael's time reports presented a different, but no less fatal deficiency. Despite Mr. Carmichael's *claim* to 339.25 hours expended, (Doc. 205 at p. 11), he *submitted for review* only five pages of time reports, documenting 102.25 hours expended. (Doc. 207-3). See M.D.La. LR54.2. The Court then reduced this number by 7.5 hours because "the June 2, 2011 entry claiming 7.5 hours for 'continued preparation for trial'" was "too vague." (Doc. 210 at p. 14). Having failed to provide *any* documentation for the nearly 240 additional hours Mr. Carmichael claimed, it would have been utterly *unreasonable* to count such hours toward Plaintiffs' "reasonable" fee request. Thus, the Court's reduction of Mr. Carmichael's time expended to 94.75 hours was also the result of an evidentiary deficiency, *not* "a typing error." (Doc. 212 at p. 4).

3

customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.*

### b. *Reasonable number of hours expended on the case*

In its February 4 order this Court completed the first step in the lodestar analysis. (*See* Doc. 210 at pp. 5–14). Specifically, the Court determined: (1) Mr. Beckner's "total reasonable hours" amounted to **311.25 hours** based on the time reports submitted to the Court with the fee request, (*id.* at p. 13); and (2) Mr. Carmichael's "total reasonable hours" amounted to **94.75 hours** based on the time reports provided, (*id.* at p. 14).

### c. *Reasonable hourly rate(s)*

The Court now endeavors to asses Mr. Beckner's and Mr. Carmichael's reasonable hourly rate(s). The U.S. Supreme Court has admonished that an attorney's reasonable hourly rate should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); *see also Leroy v. City of Houston*, 906 F.2d 1068, 1078–79 (5th Cir. 1990) ("In evaluating an attorneys' fees award, we are guided by the overriding principles that a reasonable attorney's fee' is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys . . . ." (quotation marks and alterations

4

omitted)). The Fifth Circuit has clarified that "the relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (quotation marks omitted).

The party applying for attorney's fees bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rate. *Kellstrom*, 50 F.3d at 324. "[A] mere conclusory statement that [a] fee [is] reasonable" is insufficient for calculating the lodestar fee. *See Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). Instead, "[t]o inform and assist the court in [determining the reasonable rate]" the fee applicant should produce an affidavit of the attorney performing the work, information of rates actually billed and paid in similar lawsuits, *see Blum*, 465 U.S. at 896 n.11, as well as "affidavits of other attorneys practicing [in the community in question]," *Tollett*, 285 F.3d at 368. *See, e.g., Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993) (party seeking fees submitted "affidavits from other attorneys in the community showing the prevailing market rates in the community"). In addition to the community rate, "a court considers the attorneys' regular rates" when determining a reasonable rate. *Kellstrom*, 50 F.3d at 328.

Here, Plaintiffs have produced five affidavits, each attesting that $300.00 per hour is a reasonable rate for securities actions in the Middle District of Louisiana. (*See* Doc. 212-1; Doc. 212-2; Doc. 212-3; Doc. 212-4; Doc. 212-5). Included among

5

Plaintiffs' exhibits are affidavits from Mr. Beckner and Mr. Carmichael attesting to their experience and the rates that they regularly charge. (*See* Doc. 212-4 (Carmichael Affidavit); Doc. 212-5 (Beckner Affidavit)). Additionally, Plaintiffs have produced affidavits from Phillip W. Preis, Roger J. LeBlanc, and R. Randall Roche—each seasoned litigators with extensive practice in the area of securities law—indicating that Mr. Beckner's and Mr. Carmichael's requested "rate of $300.00 per hour is well within the normal range of compensation charged for such legal services" in the Middle District of Louisiana, "the community in which [this] court sits." *Tollett*, 285 F.3d at 368 (quotation marks omitted). (*See* Doc. 212-1 at ¶ 3 (Preis Affidavit); *see also* Doc. 212-2 (LeBlanc Affidavit); Doc. 212-3 (Roche Affidavit)). Upon review of these documents, the Court determines that Mr. Beckner's and Mr. Carmichael's request for a fee of **$300.00 per hour** is reasonable, given their respective experience and expertise, and the current prevailing rates in this District.

### d. *Plaintiffs' lodestar fee*

Consequently, the Court finds: (1) the appropriate lodestar fee for Mr. Beckner is **$93,375.00**, consisting of **311.25 hours billed at a rate of $300.00 per hour**; and (2) the appropriate lodestar fee for Mr. Carmichael is **$28,425.00**, consisting of **94.75 hours billed at a rate of $300.00 per hour**; yielding (3) a combined lodestar fee of **$121,800.00**.

6

*e. Whether to adjust Plaintiffs' lodestar fee*

Now the Court must assess whether the lodestar figure should be adjusted upward or downward. *Migis*, 135 F.3d at 1047. As noted, the factors which justify an upward or downward adjustment of the lodestar fee are:

> (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.*

Here, neither Plaintiffs nor Defendants request an adjustment of Plaintiffs' lodestar fee. (*See* Doc. 212 at pp. 5–6; Doc. 214). In any event, the Court finds that these factors do not warrant any additional adjustment from the lodestar amount. Indeed, many of these factors were subsumed in the original lodestar estimate. *See Hensley*, 461 U.S. at 434 n.9. Accordingly, the Court determines that a fee award of **$121,800.00** is reasonable compensation for the attorneys' efforts in this case.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs' **MOTION (Doc. 212)** requesting that attorneys' fees be awarded at the rate of $300.00 per hour is **GRANTED**. Specifically, Plaintiffs are awarded attorneys' fees in the amount of **$121,800.00**,

consisting of: (1) **$93,375.00** for 311.25 hours of work performed by Mr. Beckner; and (2) **$28,425.00** for 94.75 hours of work performed by Mr. Carmichael.

Baton Rouge, Louisiana, this 14th day of May, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**