UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAYMOND E. HECK, ET AL.

VERSUS

KENNETH K. BUHLER, ET AL.

CIVIL ACTION

NUMBER 07-21-BAJ-SCR

**RULINGS ON MOTION TO COMPEL AND FOR CONTEMPT**

Before the court is the Plaintiffs' Motion to Compel Discovery and Plaintiffs' Motion for Contempt filed by plaintiffs Raymond Heck, Doug Hamley, Charles Moore, Joseph McKearn, and Allen Richardson. Record document numbers 238 and 239.[1] The motions are opposed.[2]

Plaintiff filed this motion to compel and for contempt based on defendant Wayne Triche's failure to respond to interrogatories and request for production of documents served on April 20, 2015, pursuant to Rule 69, Fed.R.Civ.P.[3] Defendant argued that responses to these discovery requests and/or an order of contempt are unnecessary because he offered to pay the full amount due under the judgment.

A review of the record shows that the defendant attempted to pay the plaintiffs a comprise amount while appeal of the case was

---

[1] The same motion and memorandum is filed twice in the record. Record document number 239 includes attached Exhibits A-E.

[2] Record document number 240.

[3] Record document number 239-2 and 239-3, Exhibits A and B.

pending.[4]  The parties disagree on the total amount owed.  Thus, the plaintiffs have not accepted the compromise.  Regardless of the dispute over the amount owed, the settlement negotiations do not relieve the defendant of his obligations under Rule 69.[5]

In these circumstances, under Rule 69(a)(2) and Rule 37(a)(3), the defendant is entitled to an order requiring the plaintiff to respond.  Defendant will be required to serve answers to the plaintiffs' interrogatories and request for production of documents within 14 days.  No objections will be allowed.[6]

Under Rule 37(d)(3) the court must require the party who fails to serve its discovery responses, or the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust.  Defendants' motion shows that a good faith attempt was made to obtain the discovery responses without court action.  However, the record also establishes that the plaintiff's failure was based on the ongoing settlement negotiations.  The

---

[4] Record document number 240-1, Exhibits A, B, and C.

[5] Rule 69 of the Federal Rules of Civil Procedure permits a judgment creditor to obtain discovery from any person, including a judgment debtor.

[6] Generally, discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts.  See, *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir.), *reh'g denied*, 869 F.2d 1487 (5th Cir. 1989); *Godsey v. U.S.*, 133 F.R.D. 111, 113 (S.D. Miss. 1990.)

court finds that in these circumstances, the defendant's failure to timely serve his discovery responses was substantially justified. Therefore, an award of expenses under Rule 37(d)(3) is not warranted.

With respect to the plaintiff's motion for contempt, under 28 U.S.C. § 636(e) a magistrate judge has very limited authority to find a party in contempt. A certification of the facts to the district judge under § 636(e)(6) is not warranted, and is premature under Rule 37(b)(2)(A)(vii), because the defendant did not violated any court order and provided a reasonable explanation for his failure to timely serve discovery responses.

Accordingly, the Plaintiff's Motion to Compel Discovery and Plaintiffs' Motion for Contempt is granted in part and denied in part. Defendant Wayne Triche shall provide responses to the plaintiffs' interrogatories and request for production of documents within 14 days. No objections will be allowed. Because the defendant's actions were substantially justified, no costs are due under Rule 37(a)(5)(A). Plaintiff's motion is denied insofar as the plaintiff sought an order finding the defendant in contempt.

Baton Rouge, Louisiana, September 28, 2015.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE