UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAYMOND E. HECK, ET AL                                                CIVIL ACTION

VERSUS

KENNETH K. BUHLER, ET AL                                    NO.: 07-00021-BAJ-SCR

RULING AND ORDER

Before the Court is Defendant Wayne Triche's ("Defendant") **Local Rule 72(A) Motion To Review Magistrate Judge's Order Or, Alternatively, Objection to Ruling On Motion to Compel And For Contempt (Doc. 243)**, which seeks review and modification of the United States Magistrate Judge's **Rulings on Motion to Compel And For Contempt (Doc. 241)**. Plaintiffs Raymond Heck, Doug Hamley, Charles Moore, Joseph Mckearn, and Allen Richardson ("Plaintiffs") oppose this motion. (Doc. 246). Oral argument is not necessary. For reasons explained herein, Defendant's motion is **GRANTED**.

I. BACKGROUND

The facts and procedural history underlying this case have been restated many times, both by this Court and on appeal. *See, e.g., Heck v. Triche*, 775 F.3d 265 (5th Cir. 2014). After a jury trial, Defendant was found forty-percent at fault for violations of the Louisiana Securities Law, and this Court determined that he and his codefendant were not jointly and severally liable. *Id.* at pp. 278, 282, 287, 287 n. 13; (Doc. 170; Doc. 197 at p. 3; Doc. 200 at pp. 3—6; Doc. 210 at pp. 2—4). Later, on February 4, 2014, this Court issued a "Ruling, Order, and Judgment" that entered

1

judgment for Plaintiffs and awarded sums of money against Defendant based upon the jury's finding of his comparative fault. (Doc. 210 at pp. 18—21). This "Ruling, Order, and Judgment" also specified that prejudgment interest at the state rate would run until June 22, 2011, and from the federal rate thereafter until paid. (*Id.*). On appeal, the United States Court of Appeals, Fifth Circuit determined that "[this] February 4, 2014, document is the final judgment starting the appellate clock." *Heck v. Triche*, 775 F.3d 265, 278. On May 15, 2015, this Court subsequently issued a "Ruling and Order" that granted Plaintiffs' motion for attorneys' fees in the amount of $121,800.00. (Doc. 228). The "Ruling and Order" on attorneys' fees did not specifically memorialize whether this award was subject to the same findings on comparative fault and joint and several liability that informed this Court's earlier February 4, 2014, "Ruling, Order, and Judgment." (*Id.*).

Relative to the current dispute before the Court, Plaintiffs seek discovery pursuant to Fed.R.Civ.P. 69(a) ("Rule 69(a)"), which allows judgment creditors to obtain discovery from any person, including the judgment debtor, to assist in executing a judgment. (*See* Docs. 238, 246). Plaintiffs suggest that they are entitled to discovery under Rule 69(a) as a matter of right as the prevailing party in this litigation. (*Id.*). Defendant has refused to comply with Plaintiffs' post-judgment discovery requests, because he asserts that he has offered to pay the full amount he owes Plaintiffs. (*See* Docs. 240, 243). Defendant asserts that Plaintiffs are simply harassing him with the aim of "inappropriately increas[ing]" his exposure under this

Court's February 4, 2014, judgment and May 15, 2015, ruling on attorneys' fees. (Doc. 240 at p. 1; Doc. 243-1 at p. 1).

In light of this impasse, Plaintiffs filed a motion to compel discovery and to hold Defendant in contempt on July 20, 2015. (Doc. 238). The United States Magistrate Judge issued an order requiring Defendant to respond to Plaintiffs' discovery requests. (Doc. 241). Defendant seeks review of this order. (Doc. 243).

## II. STANDARD OF REVIEW

The Fifth Circuit has ruled that the imposition of discovery sanctions is a non-dispositive matter which may be decided by a magistrate judge and reviewed by a district court under a "clearly erroneous" standard of review, as set forth in 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a). *Merritt v. International Brotherhood of Boilermakers*, 649 F.2d 1013, 1018 (5th Cir. 1994). "This highly deferential standard requires the court to affirm the decision of the Magistrate Judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Benoit v. Nintendo of American*, 2001 WL 1524510, *1 (E.D.La.2001) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 68 (1948). "A motion to review is appropriate when a Magistrate Judge has obviously misapprehended a party's position, the facts, or the applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." *Gaffney v. U.S. Dep't of Energy*, 2000 WL 1036221, *2 (E.D.La.2000).

## III. ANALYSIS

The scope of discovery in civil suits is controlled by Fed.R.Civ.P. 26(b)(1), which states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Generally, the scope of discovery is very broad, though it is not unlimited. *Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). Among other things, discovery can be limited "for good cause to protect a person from annoyance, embarrassment, oppression, or undue burden or expense." *In re LeBlanc*, 559 Fed.Appx. 389, 392 (5th Cir. 2014) (citing Fed.R.Civ.P. 26(b)(2)(C)).

Discovery in aid of execution pursuant to Rule 69 is similarly broad. In pertinent part, Rule 69 provides that "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed.R.Civ.P. 69(a)(2). Rule 69 allows "a judgment creditor to discover assets upon which execution may be made." *Seven Arts Pictures, Inc. v. Jonesfilm*, 512 Fed.Appx. 419, 425 (5th Cir. 2013). As with general civil discovery, post-judgment discovery is not unlimited, and it "must be kept pertinent to the goal of discovering concealed assets of the judgment debtor and not be allowed to become a means of harassment of the debtor or third persons." *Caisson Corp. v. Cty. W. Bldg. Corp.*, 62 F.R.D. 331, 333 (E.D. Pa. 1974); *see also NML Capital, Ltd. v. Excelerate Energy, LLC*, No. 4:08-MC-0574, 2011 WL 10618710, at **3—4 (S.D. Tex. Feb. 8, 2011) (quoting 13 James Wm. Moore et al., Moore's Federal Practice—Civil § 69.04 (2008)).

It follows that Rule 69(a) should not be utilized to seek discovery "[i]n aid of the judgment or execution" in instances where a party has made a good faith effort to pay the full amount it owes. *See id.* In such instances, post judgment discovery serves little if any purpose, because the prevailing party is in no need of assistance to recover the money it is owed; it need only accept payment. Thus, whether or not Defendant should be compelled to respond to Plaintiffs' discovery requests under Rule 69(a) depends on the answer to the obvious antecedent question—whether or not he has offered to pay the full amount he owes Plaintiffs under the February 4, 2014, judgment and the May 15, 2015, ruling on attorneys' fees.

The parties agree on the fact that these two documents determine the amount Defendant owes but, unsurprisingly, they disagree on the amount of money Defendant is required to pay under each. The parties first dispute the proper amount of judicial interest owed. Defendant asserts that he has offered to pay the damages awarded against him as set forth in the February 4, 2014, judgment "plus interest at the Louisiana state judicial interest rate from April 1, 2004, through June 22, 2011, plus judicial interest at the federal judicial interest rate from June 22, 2011, until paid." (Doc. 210 at pp. 19—21). Plaintiffs contend that the language in this judgment should not be given effect, because the Fifth Circuit designated the February 4, 2014, judgment as the "final judgment" for purposes of calculating the proper time to file an appeal. *Heck v. Triche*, 775 F.3d 265, 278. Plaintiffs therefore seeks judicial interest through February 4, 2014. (Doc. 246 at p. 7; Doc. 240-2 at p. 2)

On this point, Plaintiffs' argument is unpersuasive. The Fifth Circuit's remarks relative to the February 4, 2014, judgment indicate only that it was the document that started the time period for Defendant to file his appeal. *Id.* This finding did not amend the manner to calculate interest as set forth in that judgment. In fact, the Fifth Circuit affirmed the award of damages, and it did not take issue with the dates used to calculate judicial interest contained therein. *See Heck v. Triche*, 775 F.3d 265. The Fifth Circuit also noted that Plaintiffs did not file a cross-appeal. *Id.* at 286—87. As a result, Plaintiffs are constrained to enforce the February 4, 2014, judgment under its stated terms. If Plaintiffs wanted judicial interest from a date other than the one specified in the February 4, 2014, judgment, it was incumbent upon them to file an appeal. *Id.* at 287 (citing *Nw. Airlines, Inc. v. Cnty. of Kent, Mich.*, 510 U.S. 355, 364 (1994)) ("A cross-petition is required . . . when the respondent seeks to alter the judgment below."). They did not.

Defendant also asserts that he has offered to pay forty-percent of the award for attorneys' fees. (Doc. 240 at pp. 4—5; Doc 240-1 at p. 1; Doc 240-2 at p. 1; Doc. 243-1 at pp. 5—6). Defendant's offer on attorneys' fees corresponds to the percentage of fault he was allocated in the February 4, 2014, judgment on damages. (*See* Doc. 210). Defendant maintains that this allocation of fault, along with this Court's determinations on the issue of joint and several liability, logically and necessarily inform the May 15, 2015, ruling on attorneys' fees. (Doc. 243-1 a p. 4). Alternatively, Defendant asserts that Plaintiffs reached a compromise with his codefendant that also operates to reduce the attorneys' fees award for which he is responsible to forty-

6

percent. (Doc. 243-1 at p. 5). Plaintiffs counter that the ruling on attorneys' fees, (Doc. 228), is silent as to the issue of joint and several liability. (Doc. 246 at pp. 7—8; Doc. 240-2 at p. 2). Plaintiffs aver that Defendant did not seek an affirmative determination from this Court that the ruling on attorneys' fees was subject to earlier findings on the issue of joint and several liability pertaining to the merits of the case. (*Id.*). Plaintiffs do not address Defendant's argument related to the compromise they allegedly entered into with Defendant's codefendant. (*See* Doc. 246).

This Court agrees with Defendant's position that the award of attorneys' fees was naturally guided by this Court's earlier findings on comparative fault and the absence of joint and several liability.[1] It is axiomatic that in the absence of joint and several liability on the issue of damages, an award of attorneys' fees is not a joint and several obligation. Plaintiffs' failure to appeal this Court's February 4, 2014, judgment and separately, its award of attorneys' fees, is fatal to their argument. *See Heck v. Triche*, 775 F.3d 265, 287.[2]

---

[1] While this Court recognizes that it may have erred on its finding on joint and several liability, this Court was never reversed because Plaintiffs did not appeal this issue. *Heck v. Triche*, 775 F.3d 265, 287. Thus, this error remains a part of the February 4, 2014, judgment and, consequently, it informed the May 15, 2015, ruling on attorneys' fees.

[2] Even if the attorneys' fees award was a joint and several obligation, this Court also agrees with Defendant's contention that any compromise Plaintiffs entered into with his codefendant would have the effect of reducing the percentage of the award for which he is liable. *See* LA. CIV. CODE. ANN. art. 1803 (2015). Defendant did not, however, sufficiently draw this Court's attention to any formal document memorializing such a compromise. *But see Heck v. Triche*, 775 F.3d 265, 270 ("In exchange for plaintiffs' agreement not to pursue any judgment against him, Buhler—although nominally a defendant—cooperated with plaintiffs."). Defendant simply cites to a colloquy in which his codefendant testified that "in consideration for [his] cooperation" Plaintiffs "would not pursue any judgment against [him]." (Doc. 240 at p. 4 n. 1). Defendant also cities "Triche Exhibit 51" to support this argument, but this citation is insufficient for this Court to locate the referenced document. Without more, this Court declines to reach a conclusion under this argument.

## IV. Conclusion

Before issuing a ruling on Plaintiffs' motion to compel discovery under Rule 69(a), the United States Magistrate Judge should determine whether Defendant has offered to pay the full amount he owes under the February 4, 2014, judgment and the May 15, 2015, ruling on attorneys' fees. Because this determination has not yet been addressed, this Court finds reversible error.

Accordingly,

**IT IS ORDERED** that Defendant's **Local Rule 72(A) Motion To Review Magistrate Judge's Order Or, Alternatively, Objection to Ruling On Motion to Compel And For Contempt (Doc. 243)** is **GRANTED**.

**IT IS FURTHUR ORDERED** that the United States Magistrate Judge make a factual finding as to whether Defendant has offered to pay the full amount he properly owes, including interest, in light of this ruling, the February 4, 2014, judgment, (Doc. 210), and the May 15, 2015, ruling on attorneys' fees, (Doc. 228).[3]

Baton Rouge, Louisiana, this 20th day of November, 2015.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[3] This Court notes that Plaintiffs did not object to Defendant's calculations for any reasons other than the date through which interest should be calculated, an issue now resolved, and its view on joint and several liability relative to attorneys' fees, an issue also now resolved. (Doc. 243-3 at pp. 2—3). Plaintiffs never asserted that that the interest calculations set forth by Defendant, (Doc. 243-2 at p. 3), were otherwise incorrect.