UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAYMOND E. HECK, ET AL.

VERSUS

KENNETH K. BUHLER, ET AL.

CIVIL ACTION

NUMBER 07-21-BAJ-SCR

**FACTUAL FINDING MADE PURSUANT TO THE RULING AND ORDER**

Following the district judge's Ruling and Order issued November 20, 2015,[1] the parties were ordered to either (1) file a stipulation stating the amount owed by defendant Wayne Triche to satisfy the final judgment previously issued, including attorney's fees, or (2) file their respective calculations of the amount Triche owes to satisfy the judgment, including attorney's fees.

No stipulation was filed. Defendant Triche filed a Statement of Judgment Satisfaction, which included detailed calculations of the amount he owes to satisfy the final judgment, including attorney's fees and legal interest.[2] Plaintiffs filed a statement titled Triche Never Offered to Pay the Full Amount of the Judgment, but they did not dispute the accuracy of any of the defendant's calculations.[3] Instead, the plaintiffs argued that the "law of the case" is that the defendant's liability for attorney's fees is not

---

[1] Record document number 251.

[2] Record document number 255.

[3] Record document number 256.

limited to 40 percent, and the district judge cannot alter the final judgment by subsequently reducing the defendant's liability to 40 percent of the attorney's fees.[4]  Defendant filed a Supplemental Memorandum in Support of Statement of Judgment Satisfaction, in which he argued that the plaintiffs' submission is just another attempt to argue for a position that has already been rejected by the district judge.[5]

The parties's submissions have been considered.  Plaintiffs' arguments are foreclosed by the district judge's finding in his Ruling and Order, and the undersigned has no authority to change those findings.  Based on the information and the uncontested calculations provided by the defendant, and in light of the district judge's Ruling and Order, the February 4, 2014 judgment and the May 15, 2015 ruling on attorney's fees, the undersigned finds that the defendant offered to pay the full amount he properly owes, including interest calculated through June 19, 2015.[6]

Although not specifically required by the Ruling and Order,

---

[4] Record document number 256, pp. 2-3.

[5] Record document number 257.

[6] The check for the balance due, as calculated by the defendant, is dated June 19, 2015. Record document number 257-1, Exhibit A.  A copy of the same check was previously filed. Record document numbers 240-2, Exhibit B, p. 4, and 243-3, Exhibit B, p. 4.  A copy of the check was first presented to counsel for the plaintiffs, as part of an "offer of compromise," sent to counsel for the plaintiffs on June 19, 2015.  The check itself was first sent to counsel for the plaintiffs on October 12, 2015.  Record document numbers 255, p. 3, and 260, p. 1.

the undersigned also finds that (1) the plaintiffs have already been paid $144,935.50 by disbursement of the supersedeas bond funds, (2) the balance due, with interest calculated through June 19, 2015, is $86,378.43, (3) the defendant first offered to pay the full amount he properly owes on June 19, 2015, and (4) the defendant unconditionally tendered the balance due to the plaintiffs by the check dated June 19, 2015 sent to counsel for the plaintiffs on October 12, 2015.

    Baton Rouge, Louisiana, December 23, 2015.

*[signature: Stephen C. Riedlinger]*

    STEPHEN C. RIEDLINGER
    UNITED STATES MAGISTRATE JUDGE